## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| VALERIA GARZA ROSALES, | Case No. 24-cv-3727 (LMP/DTS) |
| Plaintiff, | |
| v. | **ORDER REFERRING CASE TO BANKRUPTCY COURT** |
| ADIR INTERNATIONAL LLC, | |
| Defendant. | |

Thomas J. Lyons, Jr., and Carter B. Lyons, **Consumer Justice Center P.A.**, Vadnais Heights, MN, for Plaintiff.

Alyssa Schaefer, **Dorsey & Whitney LLP**, Minneapolis, MN, for Defendant.

Plaintiff Valeria Garza Rosales ("Rosales") alleges that Defendant Adir International LLC ("Adir") attempted to collect a debt against her after she filed for bankruptcy, in violation of the automatic stay provision of 11 U.S.C. § 362(k), and that Adir's actions constituted an invasion of her privacy under common law. ECF No. 1 at 5–6. Adir moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2), arguing that the Court lacks personal jurisdiction over Adir. ECF Nos. 11, 13. Separately, the Court ordered the parties to show cause as to why the case should not be referred to the United States Bankruptcy Court for the District of Minnesota. ECF No. 21. For the following reasons, the Court refers Rosales's stay violation claim to the Bankruptcy Court, dismisses Rosales's invasion of privacy claim without prejudice, and denies Adir's motion to dismiss as moot.

**BACKGROUND**

Adir is the parent company of Curacao, a department store chain headquartered in Delaware.  ECF No. 1 ¶ 6; ECF No. 14 ¶ 2.  Curacao extends credit to customers, and in 2016, Rosales (who at that time was a California resident) filed an application for credit from Adir.  ECF No. 1 ¶ 3; ECF No. 14-1.

On June 24, 2024, Rosales filed for bankruptcy in the United States Bankruptcy Court for the District of Minnesota, listing a Minnesota home address.  *See generally* Ch. 7 Case No. 24-41647 (Bankr. D. Minn).[1]  Rosales further listed the "Curacao Business Center" as one of her creditors and provided the following address: "1605 West Olympic Blvd, Suite 1003, Los Angeles, CA, 90015."  *Id.*, ECF No. 1 at 29.  On June 27, 2024, the bankruptcy court clerk's office sent a notice to all listed creditors notifying them of the bankruptcy filing and that the filing triggered an automatic stay prohibiting further collection attempts by the creditors.  Case No. 24-41647, ECF. No. 8 at 1.

Rosales alleges that Adir sent her an email on July 20, 2024, and a text message on July 28, 2024, attempting to collect the outstanding debt she owed on her line of credit.  ECF No. 1 ¶¶ 13–15.  In response, Rosales's attorney sent "direct notice of the bankruptcy filing" to Adir.  *Id*. ¶¶ 16–17; ECF No. 18-1 at 2–3.  Despite the direct communication from

---

[1] The Court takes judicial notice of Rosales's bankruptcy proceedings and relevant documents.  *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); 11 U.S.C. § 107(a) ("[A] paper filed in a case under [the bankruptcy code] and the dockets of a bankruptcy court are public records . . . ."); *Hart v. Comm'r of Internal Rev.*, 730 F.2d 1206, 1208, n.4 (8th Cir. 1984) ("[F]ederal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to matters at issue.").

her attorney, Rosales alleges that Adir continued to send her text messages, emails, and phone calls throughout August 2024, attempting to collect her debt. *Id.* ¶¶ 15–21.

Rosales initiated this lawsuit as a result, asserting that Adir's collection attempts were in violation of the automatic stay provision of 11 U.S.C. § 362(k), and constituted an invasion of privacy. ECF No. 1 at 5–7. Adir filed a motion to dismiss. ECF No. 11. Shortly thereafter, this Court *sua sponte* asked the parties for briefing on whether the Bankruptcy Court is the appropriate venue for Rosales's claims, noting that courts in this District have consistently referred claims arising under the bankruptcy code's automatic stay provision to the Bankruptcy Court. ECF No. 21. In response, Rosales urges the Court to retain jurisdiction over the case, ECF No. 23, while Adir argues that the Court should refer the matter to the Bankruptcy Court, ECF No. 24.

## DISCUSSION

Federal bankruptcy courts have jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). And, while federal district courts also "have 'original and exclusive jurisdiction of all cases under title 11,'" the bankruptcy code authorizes district courts to "refer any or all such proceedings to the bankruptcy judges of their district." *Stern v. Marshall*, 564 U.S. 462, 473 (2011) (first quoting 28 U.S.C. § 1334(a); and then citing 28 U.S.C. § 157). As a result, this District has adopted a Local Rule that "[a]ll bankruptcy cases and proceedings . . . are referred to the bankruptcy judges and shall be assigned among them according to orders made by them." Bankr. D. Minn. R. 1070–1.

3

A proceeding which alleges a violation of the bankruptcy code's automatic stay provision, and which seeks damages under 11 U.S.C. § 362(k), "is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1)" because the automatic stay is "a creature peculiar to federal bankruptcy law." *Rogers v. Anong, LLC*, No. 23-cv-2515 (JMB/DTS), 2024 WL 3495803, at *1 (D. Minn. July 22, 2024) (quoting *In re Elegant Concepts, Ltd.*, 67 B.R. 914, 917 (Bankr. E.D.N.Y. 1986)). Thus, a case (such as this one) seeking damages under Section 362(k) is eligible for referral, and Courts in this District consistently refer such cases accordingly. *See, e.g.*, *id.*; *Reinhardt v. Rent-A-Center W., Inc.*, No. 21-cv-2158 (NEB/LIB), 2022 WL 161571, at *2 (D. Minn. Jan. 18, 2022) (citing cases); *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1035 (D. Minn. 2013); *Carnes v. IndyMac Mortg. Servs.*, No. 10-cv-3005 (RHK/SRN), 2010 WL 5276987, at *4 (D. Minn. Dec. 17, 2010).

Rosales, while recognizing the general practice of this District to refer Section 362(k) cases, nevertheless argues that the Court should decline to refer *this* case to the Bankruptcy Court. First, she asserts that the Bankruptcy Court is not better situated to hear this case, because she "alleges straightforward violations of the automatic stay," that the District Court is capable of handling. ECF No. 23 at 3. But "[c]auses of action for automatic stay violations are considered to be core proceedings under the Bankruptcy Code," *Nelson v. St. Catherine Univ.*, No. 23-cv-2222 (SRN/TNL), 2024 WL 2302334, at *13 (D. Minn. May 21, 2024), meaning that they "arise[] only in bankruptcy or involve[] a right created by federal bankruptcy law," *In re McDougall*, 587 B.R. 87, 90 (8th Cir. Bankr. App. Panel 2018). It is axiomatic that the Bankruptcy Court is better-situated and has greater expertise in handling claims which arise *exclusively* out of the bankruptcy code,

reflected in this District's Local Rule to refer all bankruptcy cases to the Bankruptcy Court. Further, Rosales's claim arises out of her bankruptcy proceeding in this District and—as Adir's motion to dismiss highlights—will bring up issues that the Bankruptcy Court is surely better equipped to consider (such as whether Adir was on notice of Rosales's bankruptcy case, ECF No. 13 at 5).

Second, Rosales contends that because her complaint alleges invasion of privacy in addition to a Section 362(k) violation, the Court should retain jurisdiction. ECF No. 23 at 2–3. In support, she cites *Barton v. Ocwen Loan Servicing LLC*, No. 12-cv-162 (MJD/JJG), 2012 WL 4449860 (D. Minn. Sept. 26, 2012). But "*Barton* is distinguishable because the plaintiff there brought multiple substantive *federal* claims of action." *Reinhardt*, 2022 WL 161571, at *2 (emphasis added). Here, by contrast, Rosales only alleges a *state law* claim for invasion of privacy, and "[t]he difference is stark." *Id.* Indeed, while the Court in *Barton* had federal-question jurisdiction over the additional federal claims, the Court here only has subject-matter jurisdiction over the invasion of privacy claim under its supplemental jurisdiction. *Id.* It makes little sense to condition the Court's decision to refer Rosales's Section 362(k) claim on a tagalong state law claim that cannot, by itself, be heard by the Court. Indeed, "when the bankruptcy claims are not accompanied by federal non-bankruptcy claims, district courts generally exercise discretion in favor of referral." *Nelson*, 2024 WL 2302334, at *13 (citing *Reinhardt*, 2022 WL 161571, at *2).

Finally, Rosales asserts judicial economy arguments. First, she argues that because she desires a jury trial, and because she will not consent to a jury trial before the Bankruptcy Court, "to send this case to the bankruptcy court only for it to return would not be in the

interests of the judicial economy." ECF No. 23 at 4–5. But "even assuming a jury trial right existed on a Section 362(k) claim, referral 'in no way impairs Plaintiffs' ability to have a jury trial before the district court.'" *Reinhardt*, 2022 WL 161571, at *2 (first quoting *Ritchie Cap.*, 2015 WL 12540194, at *4; and then citing *In re Petters*, 440 B.R. 805 (Bankr. D. Minn. 2010)). And, as discussed above, the Bankruptcy Court is better suited to consider all pre-trial matters.

Second, Rosales argues that it is a waste of judicial resources to refer the case and require her to "file an adversary proceeding against Defendant" when, after completion, "the aggrieved party would then have the ability to appeal adverse judgments or rulings to *this* Court." ECF No. 23 at 5 (emphasis in original). But that is true of every action brought before the Bankruptcy Court, and it nevertheless is the practice of this District for the Bankruptcy Court to hear all bankruptcy-related matters. Rosales downplays the reasons for doing so—that is, the expertise that the Bankruptcy Court has in dealing with bankruptcy issues—but in doing so ignores "the obvious reasons for referral in this case." *Reinhardt*, 2022 WL 161571, at *2.

Accordingly, as is the near-unanimous practice of this District, the Court will refer Rosales's Section 362(k) claim to the Bankruptcy Court. Additionally, because the Court's subject-matter jurisdiction over Rosales's remaining invasion of privacy claim is premised on the existence of a federal claim, *see* 28 U.S.C. § 1367, and because "the exercise of supplemental jurisdiction is discretionary" where all federal claims have been dismissed, *Zimmerman*, 988 F. Supp. 2d at 1035, the Court "declines to exercise supplemental

jurisdiction over [Rosales's] invasion of privacy claim," *Reinhardt*, 2022 WL 161571, at *3.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Count 1 of Rosales's Complaint (ECF No. 1) is **REFERRED** to the Bankruptcy Court, and the Clerk of Court shall make the referral;

2.  Count 2 of Rosales's Complaint is **DISMISSED WITHOUT PREJUDICE**; and

3.  Adir's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: January 22, 2025                    *s/Laura M. Provinzino*
                                           Laura M. Provinzino
                                           United States District Judge